**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**P.O. Box 9194**
**Garden City, New York  11530-9194**
**Telephone:  (516) 741-6565**
**Facsimile:   (516) 741-6706**
**Howard B. Kleinberg, Esq.**

*Proposed Attorneys for 41 Forest Realty, LLC,*
*Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**In re:**

**41 FOREST REALTY, LLC,**

**Debtor.**
-------------------------------------------------------------------X

**Chapter 11**

**Case No. 14-70023**

### DECLARATION OF SALVATORE GUASTELLA, PURSUANT TO RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES FOR THE EASTERN DISTRICT OF NEW YORK, IN SUPPORT OF CHAPTER 11 PETITION

I, Salvatore Guastella, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

### INTRODUCTION

1. I am responsible for, and am familiar with, the day-to-day operations, business, and financial affairs of the Debtor 41 Forest Realty, LLC.  I am duly authorized to submit this Declaration.

2. The Debtor maintains an office at c/o Forest Pizza, 90 Forest Avenue, Glen Cove, New York 11542.

3. The Debtor has filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

4.      I submit this Declaration pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**") (a) to explain to the Court and other interested parties the circumstances that compelled the Debtor to seek relief under the Bankruptcy Code, and (b) to provide certain information required by Local Rule 1007-4.

5.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge and the knowledge that I have acquired from those who report to me, my review of relevant documents, or my opinions on the Debtor's financial condition.  If called upon to testify, I could and would testify competently to the facts set forth herein.

## THE DEBTOR'S BUSINESS AND CAPITAL STRUCTURE

**A.     Ownership of the Debtor**

6.      The Debtor is a limited liability company organized under the laws of the State of New York.  I am the managing member of the Debtor.

**B.     The Debtor's Business**

7.      The Debtor is the owner of two commercial buildings located respectively at 41 Forest Avenue and 49 Forest Avenue, Glen Cove, New York.

8.      The Debtor acquired both properties in December, 2003.

9.      At the time of the Debtor's acquisition of the properties, the Debtor was managed by Tip Henderson, Esq. ("**Henderson**").

10.     Currently, the building located at 49 Forest Avenue is occupied by a tenant, a Tutor Time Learning Center.

11. Henderson continues to occupy a small office space located on the second floor of the building at 41 Forest Avenue. In doing so, Henderson is in violation of the parties Stipulation of Settlement, dated April 19, 2013.

## C. The Debtor's Financing

12. The First National Bank of Long Island ("**FNBLI**") provided financing for the Debtor's acquisition of the properties in December 2008. In particular, the Debtor executed a note in the original principal amount of $2,400,000 payable to FNBLI, a consolidation and modification agreement, mortgage, and assignment of rents in favor of FNBLI (collectively, the "**Loan Documents**").

13. Further, it is asserted that the members of the Debtor at that time, Henderson, myself, and each of my three brothers, Francesco Guastella, Baldasarre Guastella, and Anthony Guastella, each executed personal guaranties of the mortgage debt; however, the validity and enforceability of those guaranties is disputed.

14. On or about September 20, 2012, FNBLI transferred its interest in the Loan Documents to ProHealth Realty LLC ("**ProHealth**") such that, as of the Petition Date, ProHealth was the holder of the Loan Documents.

## D. The Foreclosure Action

15. On or about November 13, 2012, ProHealth commenced an action to foreclose its mortgage in the Supreme Court, State of New York, County of Nassau, Index Number 13995-12 ("**Foreclosure Action**") and, on or about August 28, 2013, ProHealth filed a motion for summary judgment in the Foreclosure Action.

16. In the Foreclosure Action, ProHealth did not seek the appointment of a receiver. Nevertheless, upon information and belief, FNBLI and subsequently ProHealth advised the

tenants of the properties to pay rent directly to them and ProHealth has been collecting all of the rental income for the both of the properties.

17. At present, a foreclosure sale has not been scheduled.

18. ProHealth has not accounted to the Debtor for the rental income collected, expenses paid, or provided any other information concerning its activities at the properties.

E. **Events Leading to, and the Purpose of, the Commencement of this Case**

19. The responsibility for managing the details of the acquisition, financing and operations of the Debtor were delegated to Tip Henderson at or about the time of the Debtor's acquisition of the properties. At that time, an affiliate of ProHealth was a tenant at the 41 Forest Avenue property and the rental income derived from its tenancy under a written lease provided sufficient cash flow for the successful operation of the property and payment of the debt held by FNBLI.

20. Subsequently, disputes developed between Henderson and the members of the Guastella family who were the other equity owners of the Debtor. These disputes lead to litigation with Henderson that was ultimately resolved by settlement.

21. However, during the time of Henderson's management of the Debtor, the term of the ProHealth affiliate's lease expired and Henderson did not procure an extension or new lease with this or any other tenant.

22. Litigation also ensued between the Debtor and ProHealth regarding a purported oral modification of the lease.

23. Moreover, the Debtor has questioned the role of ProHealth in connection with the termination of its tenancy followed by its acquisition of the Loan Documents from FNBLI.

ProHealth has disclosed that, unlike most financial purchasers of real estate loans, it paid full face value to FNBLI for its acquisition of the Loan Documents.

24.     Faced with (a) the absence of a master tenant at the 41 Forest Avenue property, (b) ProHealth's prosecution of the Foreclosure Action and summary judgment motion, (c) ProHealth's control of the cash flow generated by the properties, the Debtor determined to seek to preserve its interest in the properties by filing for chapter 11.

25.     The Debtor believes that the properties have a combined market value that exceeds the amount due under the mortgage note and that ProHealth is improperly adding excessive charges to the amount it claims is due under the Loan Documents.

26.     Moreover, the Debtor intends to re-establish itself as the manager of the properties including by displacing ProHealth as the entity collecting rental income.

27.     The Debtor has filed this chapter 11 case in order to stay the pending foreclosure sale in order to gain a breathing spell in which to undertake a reorganization of the secured debt owed to ProHealth and its other debts.  The Debtor believes a foreclosure sale will not realize the Property's full market value.

**ADDITIONAL INFORMATION REQUIRED BY LOCAL RULE 1007-2**

28.     The Debtor's case was not originally commenced under chapter 7 or chapter 13 and no trustee has been appointed.

29.     No committees were organized prior to the Petition Date and no official committees have been appointed in this case.

30.     A list of the Debtor's largest unsecured creditors, excluding insiders, and each creditor's name, address, telephone number, name of person familiar with the Debtor's account,

the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured, is attached hereto.

31.  A list of the Debtor's five largest secured claims and each creditor's name, address, telephone number, name of person familiar with the Debtor's account, the amount of the claim, and a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed is attached hereto.

32.  The Debtor has not issued securities. Its membership interests are not publicly traded.

33.  There is no owned or leased premises from which the Debtor operates its business other than the Property and the business office referenced above.

34.  The Debtor's substantial assets are the two properties.

35.  To the extent not in the possession of ProHealth, the Debtor's books and records are located at the Debtor's office identified herein.

36.  The Foreclosure Action is the only action or proceeding, pending or threatened, against the Debtor or its property where a judgment or seizure of its property may be imminent.

37.  The estimated amount to be paid to: (a) employees; (b) officers, stockholders and directors; and (c) financial and business consultants retained by the Debtor, for the thirty-day period following the Petition Date is zero.

38.  A schedule for the 30 day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables

expected to accrue but remain unpaid, other than professional fees, and any other relevant information shall be filed with the Court after receipt of an accounting from ProHealth and/or the Debtor otherwise re-taking possession of the operation of the properties.

Executed this 17th day of
December, 2013 at Glen Cove, New York

*/s/ Salvatore Guastella*
Salvatore Guastella

959989